# IN THE SUPREME COURT OF THE STATE OF NEVADA

ROBERT HOLMES, III,
Appellant,
vs.
LAS VEGAS METROPOLITAN POLICE
DEPARTMENT,
Respondent.

No. 62274

FILED

MAR 18 2016

TRACIE K. LINDEMAN
CLERK OF SUPREME COURT
BY
DEPUTY CLERK

## *ORDER OF REVERSAL AND REMAND*

This is a pro se appeal from a district court summary judgment in a forfeiture action. Eighth Judicial District Court, Clark County; Douglas Smith, Judge.

Appellant pleaded guilty to one count of conspiracy to possess stolen property and/or commit burglary and two counts of possession of stolen property for his part in a series of burglaries. Respondent seized $281,656.73 in connection with the burglaries. Of those funds, appellant provided his attorney with $70,000, which his attorney then provided to investigators. The district court granted respondent's motion for summary judgment on the underlying forfeiture complaint.

As a threshold issue, we conclude that appellant has standing to challenge the forfeiture of the $70,000. While the money was seized from appellant's attorney, the record demonstrates that appellant's attorney was acting as appellant's agent in delivering those funds to investigators on appellant's behalf and that appellant actually accompanied his attorney to the investigators' office but was merely absent from the room when his attorney handed the funds over to investigators. Further, appellant claims an interest in the funds, and

thus, has standing to challenge the forfeiture of the $70,000. NRS 179.1158 (defining a claimant in a forfeiture action as a person claiming to have an interest in the property or proceeds *or* a person having possession of the property or proceeds at the time of seizure); *see also Fergason v. Las Vegas Metro. Police Dep't*, 131 Nev., Adv. Op. 94, 364 P.3d 592, 601 (2015) (explaining that a party has standing to challenge a forfeiture complaint if they claim an interest in the property).

Next, we conclude that the district court erred in granting the summary judgment motion in regard to the $70,000 because appellant's judgment of conviction was not conclusive evidence establishing all elements of the forfeiture complaint and questions of material fact exist concerning whether the $70,000 is attributable directly or indirectly to the commission or attempted commission of a felony. *See Wood v. Safeway, Inc.*, 121 Nev. 724, 729, 121 P.3d 1026, 1029 (2005) (explaining that this court reviews a district court's grant of summary judgment de novo); *Fergason*, 131 Nev., Adv. Op. 94, 364 P.3d at 595-96 (providing that to support a forfeiture action "the State must establish by clear and convincing evidence (1) that a felony was committed or attempted, and (2) that the funds seized . . . are attributable to or derived directly or indirectly from the commission or attempt" (internal quotation omitted)).

While appellant's judgment of conviction can be used to establish that a felony was committed, NRS 179.1173(5) (2001), here it cannot be used to establish that the funds seized were attributable to the felony.[1] *See Fergason*, 131 Nev., Adv. Op. 94, 364 P.3d at 596. "Possession

---

[1]We note that appellant's conspiracy charge was a gross misdemeanor, not a felony, *see* NRS 199.480, and thus, that charge could

*continued on next page...*

of stolen property, without more . . . does not establish the funds . . . as the proceeds of those crimes but, rather, his possession of specific items of stolen property." *Id.* Further, while Tonya Trevarthen testified that she gave appellant $145,000 in proceeds from stolen property, there is evidence in the record that appellant and his wife obtained over $145,000 in lines of credit from financial institutions, though for what purpose is unclear. And appellant provided four notarized letters from his family members indicating that the $70,000 provided to investigators constituted money appellant was using to purchase a home for his mother, not funds he received from Trevarthen. Because a question of material fact exists concerning whether the $70,000 came from the commission or attempted commission of a felony, *see* NRCP 56(c) (providing that summary judgment is only appropriate when there is no genuine issue of material fact), we

ORDER the judgment of the district court REVERSED AND REMAND this matter to the district court for proceedings consistent with this order.[2]

_____, J.
Hardesty

_____, J.        _____, J.
Saitta                                          Pickering

---

*...continued*
not be a predicate for forfeiture under NRS 179.1164 because that statute requires connection to a felony. NRS 179.1164(1)(a).

[2]To the extent appellant's arguments are not addressed herein, we conclude they lack merit and do not warrant relief other than provided in this order.

cc:   Hon. Douglas Smith, District Judge
      Robert Holmes, III
      Marquis Aurbach Coffing
      Clark County District Attorney
      Eighth District Court Clerk